UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-430-HAB-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Vazquez alleges that, in November 2021, he was denied access to the law library and prison officers tampered with his discovery materials. ECF 1 at 2. He states he was initially told that his discovery materials were moved by the officers who worked on the first shift but later the officers on the second shift told him they did not have his materials. *Id*. In particular, Vazquez asked Officers Braun, Pinnock, and Ballinger about his discovery materials and filed a grievance after he learned that his

tablet and materials had been taken. *Id*. At some point, Officer Morgan threatened him by saying, "I'm going to get you" and, as a result, Vazquez feared for his life. *Id*. Officer Coyne told him his discovery materials had been lost and Officer Chadwell told him to find another way to deal with his situation. *Id*. Officer Sanderson stated Vazquez would be disciplined if he used the law library. *Id*.

While Vazquez's allegations are concerning, he cannot sue the Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Furthermore, to the extent he asserts that Officers Braun, Pinnock, Ballinger, Morgan, Coyne, and Chadwell played a role in taking his discovery materials and depriving him of access to the law library, he has not named them as defendants in complaint.

While Vazquez's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Vazquez prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Francisco M. Vazquez;

(2) GRANTS Francisco M. Vazquez until **March 4, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Francisco M. Vazquez that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 2, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
